FILED
United States Court of Appeals
Tenth Circuit

June 27, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EMMANUEL VEGA PASALODOS,

    Defendant-Appellant.

No. 21-1342

(D.C. No. 1:18-CR-00134-RM-2)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHRACH**, **BALDOCK,** and **McHUGH**, Circuit Judges.[**]

---

Defendant Emmanuel Vaga Pasalodos is a citizen of Cuba who immigrated to the United States in 2016. He has been in trouble with the law pretty much ever since. Here Defendant challenges as substantively unreasonable the district court's imposition of a 22-month sentence of imprisonment following the revocation of his supervised release. Our jurisdiction arises under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After admitting he and a co-conspirator placed credit card skimming devices received from a third co-conspirator in Florida on gas station pumps in Colorado, Defendant pleaded guilty in December 2018 to one count of conspiracy to possess counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3). Defendant's statutory maximum term of imprisonment was five years. *Id.* § 1029(b)(2). Based on a total offense level of 21 and a criminal history category of I, Defendant's advisory guideline range was 37 to 46 months' imprisonment. While the presentence report noted Defendant was a "minor participant" in the Colorado scheme, the report also noted he had been arrested in Louisiana in October 2017 and Mississippi in March 2018 and charged with similar misconduct. Following a sentencing hearing in March 2019, the district court departed downward from the guideline range due in large part to Defendant's substantial assistance to authorities, U.S.S.G. § 5K1.1, and sentenced him to fifteen months in prison and three years of supervised release. Given his presentence confinement credit, Defendant's term of supervised release began just five days later. Defendant was permitted to serve this term in the Southern District of Florida, where he had been living prior to his arrest in Colorado.

Less than three months after his release from federal custody, Defendant left the Southern District of Florida without permission and once again began engaging in activities related to credit card fraud–this time in Georgia. During the stop of a vehicle in which Defendant was a passenger, police found a digital card reader in the vehicle and counterfeit credit cards on his person. Defendant pleaded guilty to a

2

fraud charge in Georgia state court and served two years in custody.  Following his release in 2021, Defendant's federal probation officer petitioned the district court in Colorado to revoke his supervised release.  The petition asserted two supervision violations:  committing a new crime and traveling outside the Southern District of Florida without permission.  The district court subsequently revoked Defendant's supervised release.

Despite a guideline's revocation policy statement that recommended four to ten months' imprisonment, U.S.S.G. § 7B1.4(a), the district court sentenced Defendant to 22 months in prison over his insistence that four months was a sufficient sentence. *United States v. Kaspereit*, 994 F.3d 1202, 1214 (10th Cir. 2021) ("To preserve a substantive reasonableness challenge, we only require that a defendant advocate for a shorter sentence than the one imposed.").  Defendant's 22-month sentence fell within the statutory maximum of two years as set forth in 18 U.S.C. § 3583(e)(3).

Defendant claims his 22-month sentence is substantively unreasonable because it is much greater than necessary to achieve the sentencing goals outlined in 18 U.S.C. § 3553(a) and therefore constitutes an abuse of the district court's discretion. To support his conclusion, Defendant says the district court failed to give adequate weight to certain facts, namely that (1) the guideline's recommended sentencing range was 4–10 months, (2) he had served 15 months of imprisonment for the underlying federal offense, and (3) he had served 24 months of imprisonment in

Georgia for the conduct that led to a revocation of his supervised release.

In reviewing the substantive reasonableness of a sentence upon the revocation of supervised release, we look to "whether the district court abused its discretion in weighing the permissible § 3553(a) factors in light of the totality of the circumstances." *United States v. Vigil*, 696 F.3d 997, 1002 (10th Cir. 2012). Our precedents do not require a district court to consider and discuss individually each factor listed in § 3553(a) before pronouncing sentence. *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005). Nor need the court recite any "magic words" illustrating its mindfulness of the § 3553(a) factors. *Id.*

When a convicted defendant violates a condition of supervised release, the district court may revoke the term of supervised release and impose a sentence of imprisonment. 18 U.S.C. § 3583(e)(3). In *Vigil*, we set forth relevant considerations for the district court in pronouncing sentence:

> The judge must consider the [§ 3553(a)] factors . . . and the policy statements in Chapter 7 of the Sentencing Guidelines [addressing violations of supervised release]. The Chapter 7 provisions dealing with violations of supervised release . . . merely constitute advisory policy statements. . . . [A] sentencing court simply considers them in its deliberations concerning punishment for violation of conditions of supervised release. . . . All discussions of applicable sentences before a district court following the revocation of supervised release should be grounded in the common understanding that the district court may impose any sentence within the statutory maximum.

*Vigil*, 696 F.3d at 1002 (cleaned up). We explained that ultimately "at revocation the court should sanction primarily the defendant's breach of trust," in light of the

4

seriousness of the underlying violation and the criminal history of the violator. *Id.* at 1003 (quoting U.S.S.G. ch. 7, pt. A, 3(b)).

In this case, the district court informed Defendant that the recommended guideline range was 4- to 10-months' imprisonment and the maximum term was 24-months' imprisonment. Supervised Release Hearing Transcript at 11. The court also informed Defendant that in sentencing him, it was "focusing" not on his prior criminality for which he had served time, but "on the proper breach; that is, the breach of trust between him and the Court." *Id.* at 34. The court then explained that in addition to the breach of trust, it had considered "all of the 3553(a) factors," including "protection of the public and deterrence of this defendant." *Id.* at 36. The district court concluded: "[I]n the analysis, generally, and in fashioning a sentence I have considered all of the 3553 factors, and the [Guidelines] Policy Statements, to the extent that they are consistent with them [*i.e.*, the § 3553(a) factors] in deciding what is the appropriate sentence." *Id.*

We need not belabor the point. Because the district court exercised its discretion consistent with the dictates of the applicable law, we reject Defendant's argument that the 22-month sentence of imprisonment the court imposed upon the revocation of his supervised release was substantively unreasonable. The judgment of the district court is

5

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge